# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WARREN HENDERSON,[1] | |
| Plaintiff, | CIVIL ACTION NO. 1:20-CV-00759 |
| v. | (MEHALCHICK, M.J.) |
| P.I. MARK SHAFFER, | |
| Defendant. | |

## MEMORANDUM

On May 8, 2020, *pro se* plaintiff Warren Henderson, an inmate currently housed at the State Correctional Institution at Albion, filed a complaint asserting a mail fraud claim against Mark Shaffer, a private investigator, under 28 U.S.C. § 1331. (Doc. 1). Alleging that Shaffer fraudulently obtained a $750 retainer fee from him, Henderson seeks compensatory relief in the amount of $750, an apology, one million dollars, and the initiation of criminal charges against Shaffer. (Doc. 1, at 2-3). After commencing this action, Henderson moved for leave to proceed *in forma pauperis*. (Doc. 2).

Because Henderson is seeking leave to proceed *in forma pauperis*, the Court is statutorily obligated to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss it if it fails to state a claim upon which relief can be granted. Having screened the complaint (Doc. 1), the Court finds that it fails to state a claim upon which relief can be granted but will grant

---

[1] In the caption of his complaint, Henderson lists a second plaintiff, Emmanuel Matthews. (Doc. 1, at 1, 7-11). However, Matthews did not sign the complaint, and he has been omitted from the docket as a named plaintiff. *See Beck v. Montgomery*, 532 U.S. 757, 764-65 (2001) (noting general requirement that plaintiffs sign any document submitted to the Court). It appears that Matthews is Henderson's brother and facilitated Henderson's communications with Shaffer. (Doc. 1, at 5, 7-11).

Henderson leave to file an amended complaint **within 30 days**.

I. **BACKGROUND**

Sometime before February 2018, Henderson was provided with Shaffer's address and informed that Shaffer was a private investigator who could help him. (Doc. 1, at 2, 7). Apparently, Shaffer's information was provided to other prisoners as well. (Doc. 1, at 2). Henderson contacted Shaffer, and in February 2018, Shaffer sent Henderson a letter explaining his fees. (Doc. 1, at 6). In May 2018, Henderson retained Shaffer and paid him a $750 retainer. (Doc. 1, at 2-3, 5). Shaffer acknowledged receipt of the retainer and wrote to Henderson that he would "go through all correspondences and materials that were sent by [Henderson's] brother to [Schaffer], and then conference with him via telephone before starting the case." (Doc. 1, at 5).

Henderson alleges that Shaffer planned to "take money from people in prison and their family members" and "took thousands from people," including $750 from Shaffer. (Doc. 1, at 3). In April 2018, Henderson sent a letter addressed to the Office of the Attorney General (OAG), presumably of Pennsylvania, alerting the OAG to Shaffer's scheme. (Doc. 1, at 7). Attached to Henderson's complaint are print-outs of a complaint that Emmanuel Matthews, his brother, submitted to the Better Business Bureau (BBB) about Shaffer. (Doc. 1, at 11). Matthews requested a refund of the $750 retainer, explaining to the BBB that Shaffer's business stopped answering his phone calls, and when Shaffer himself finally responded, he stated, "I'm still working on it," and then hung up the phone. (Doc. 1, at 11). Matthews called back several times only to reach Matthews's outgoing voicemail message. (Doc. 1, at 11).

II. **STANDARD OF REVIEW**

The Court is obligated, prior to service of process, to screen a civil complaint brought

*in forma pauperis* and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). As the Supreme Court of the United States held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide

some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In keeping with the principles of *Twombly*, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**III.   DISCUSSION**

The Court is mindful that *pro se* complaints must be afforded considerable latitude and construed so "as to do substantial justice." *Alston v. Parker,* 363 F.3d, 229, 234 (3d Cir. 2004).

However, *pro se* plaintiffs are not relieved of the requirement to plead an adequate jurisdictional basis for their claims. In his form complaint, Henderson asserts a claim of mail fraud pursuant to "28 U.S.C. § 1331 – FEDERAL OFFICIALS." (Doc. 1, at 1). Shaffer is not a federal official, but Henderson appears to be invoking the Court's general federal subject jurisdiction under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

As pleaded, Henderson's allegations do not state a claim for relief under § 1331. While a federal *criminal* statute prohibits mail fraud, violations of that statute do not give rise to civil liability. *See* 18 U.S.C. § 1341; *Thompson v. Michels*, 574 F. App'x 196, 197 (3d Cir. 2014). Moreover, construing Henderson's complaint liberally, he alleges not only mail fraud but general "fraud, theft, and breach of contract or, in the alternative, unjust enrichment," but all of these are state law claims that do not alone give rise to jurisdiction under § 1331. *See, e.g.*, *Thompson*, 574 F. App'x at 197 (affirming dismissal of claim alleging mail fraud and liberally construing complaint to assert state law-based claims of fraud, theft, and contract breach, all of which "arise under state law and therefore do not give rise to jurisdiction under 28 U.S.C. § 1331"); *see also Pcii Reo LLC v. Cummings*, 2017 WL 4391742, at *2 (D.N.J. Sept. 28, 2017) ("[N]either theft by deception nor common law fraud raise federal questions.").

There being no other apparent basis for invoking federal subject-matter jurisdiction based on the allegations in Henderson's complaint, the Court must dismiss the complaint for failure to state a claim upon which relief can be granted in this Court.[2]

---

[2] Because the parties are not diverse in citizenship, there does not appear to be a basis for invoking diversity jurisdiction under 28 U.S.C. § 1332. (*See* Doc. 1).

### IV. LEAVE TO AMEND

The Third Circuit has instructed district courts to permit a curative amendment if a complaint is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). While Henderson does not appear to have a basis for asserting a claim subject to federal jurisdiction, to preserve his rights as a *pro se* litigant, the Court will grant him leave to file an amended complaint setting forth a basis for federal jurisdiction and state a claim upon which relief can be granted. The amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Further, it must be "simple, concise, and direct" as required by Rule 8(d)(1). **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety**.

### V. CONCLUSION

Henderson's motion for leave to proceed *in forma pauperis* is granted. For the foregoing reasons, the Court finds that Henderson's complaint (Doc. 1) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Henderson will be granted leave to file an amended complaint within **thirty (30) days**.

An appropriate order follows.

                                                 **BY THE COURT:**

**Dated: May 22, 2020**                                        *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**