IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WARREN HENDERSON,** : | | |
| **Plaintiff** : | No. 1:20-cv-00759 | |
| : | | |
| v. : | **(Judge Kane)** | |
| : | **(Magistrate Judge Mehalchick)** | |
| **P.I. MARK H. SHAFFER,** : | | |
| **Defendant** : | | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court in the above-captioned action are: (1) the August 17, 2020 Report and Recommendation of Magistrate Judge Mehalchick (Doc. No. 14), recommending that this Court dismiss Plaintiff's amended complaint (Doc. No. 13) without prejudice to Plaintiff's right to refile his claims in state court, and (2) Plaintiff's objections to the Report and Recommendation (Doc. No. 15). Because the time for filing objections has ended, the Report and Recommendation is ripe for disposition.

In her Report and Recommendation (Doc. No. 14), Magistrate Judge Mehalchick found that Plaintiff's amended complaint failed to state any federal claims that would confer jurisdiction on this Court. (Id. at 5.) Specifically, Magistrate Judge Mehalchick determined that, "[l]iberally construing [Plaintiff]'s amended complaint to include claims for 'fraud, theft, and breach of contract or, in the alternative, unjust enrichment,' such causes of action are state law claims that do not alone give rise to jurisdiction."[1] (Id.) Further, Magistrate Judge Mehalchick determined that the Court has no authority to grant Plaintiff's request to transfer his claims to

---

[1] In addition, Magistrate Judge Mehalchick determined that, to the extent Plaintiff's amended complaint attempted to add the United States Postal Service ("USPS") as a defendant, "the [USPS] enjoys federal sovereign immunity absent a waiver" and "is in fact immune from liability for injuries arising out of the negligent transmission of letters or postal matter." (Doc. No. 14 at 6) (internal citations omitted).

state court because "unlike cases in which complaints are initially filed in state court but later removed to a federal district court, the Court is not empowered to transfer or remand [Plaintiff]'s case to state court, filed as it was in federal court at the outset." (Id.)

Plaintiff's objections do not contest Magistrate Judge Mehalchick's determination that the Court lacks subject-matter jurisdiction over Plaintiff's amended complaint. (Doc. No. 15.) Instead, Plaintiff only requests once again that the Court "please transfer his case themselves to state court and not dismiss his case." (Id. at 3.)

Having carefully reviewed Plaintiff's objections to the Report and Recommendation, the Court finds that Magistrate Judge Mehalchick thoroughly resolved the substance of Plaintiff's objections regarding his desire for the above-captioned action to be transferred to state court by finding that the Court has no authority to direct such a transfer. (Doc. No. 14 at 6) (citing McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 429 (3d Cir. 1983) for the principle that a district court lacks the authority to transfer a case that was initially filed in federal court to state court). Thus, the Court will not write separately to further address Plaintiff's objections. Accordingly, the Court will adopt the Report and Recommendation of Magistrate Judge Mehalchick over Plaintiff's objections.

**AND SO**, on this 13th day of October 2020, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation of Magistrate Judge Mehalchick (Doc. No. 14);

2. Plaintiff's objections to the Report and Recommendation (Doc. No. 15) are **OVERRULED**;

3. Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** to his right to refile his claims in state court; and

4. The Clerk of Court is directed to **CLOSE** the above-captioned action.

    s/ Yvette Kane
    Yvette Kane, District Judge
    United States District Court
    Middle District of Pennsylvania